# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BARBARA WARNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:07CV1375RWS |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Barbara Warner filed this lawsuit alleging that Defendant Unum Life Insurance Company of America breached its contract with her when it denied her long-term disability payments under a group insurance policy. The group insurance policy is part of an employee benefits plan governed by the Employment Retirement Income Security Act , 29 U.S.C. §§ 1001, *et seq*. ("ERISA").

Unum argues that it is entitled to judgment as a matter of law because (1) Warner did not exhaust her administrative remedies when she failed to appeal Unum's denial of her claim; (2) Unum did not abuse its discretion in denying Warner's claim because the administrative record contained substantial evidence supporting its denial of benefits; and (3) Warner failed to file a lawsuit challenging the denial of her claim within the three-year time limit contained in the policy.

Because I find that Warner failed to exhaust her administrative remedies and Unum did not abuse its discretion in denying Warner benefits, I will grant Unum's motion for summary judgment.

*Background*

Warner was employed by Mpower Communications Corporation when she was injured in a motor vehicle accident on April 27, 2001. At that time, she was a participant in an employer-sponsored benefits plan through Unum Life Insurance Company of America. Warner brought this action in St. Louis County Circuit Court to recover the long-term disability benefits she believes were due her under the plan. Unum removed the case to federal court based on federal jurisdiction under 29 U.S.C. § 1132(a)(1)(B) because its group policy was part of Mpower's ERISA-regulated plan.

Warner's policy provided that "[w]hen making a benefit determination under the policy, Unum has discretionary authority to determine [a claimant's] eligibility for benefits and to interpret the terms and provisions of the policy." Unum provided an internal administrative appeals process that allowed beneficiaries to appeal an adverse decision:

> If you or your authorized representative appeal a denied claim, it must be submitted within 60 days after you received Unum's notice of denial. You have the right to
> 
> *       submit a request for review, in writing, to Unum;
> 
> *       review pertinent documents; and
> 
> *       submit issues and comments in writing to Unum.
> 
> Unum will make a full and fair review of the claim and may require additional documents as it deems necessary or desirable in making

such a review. A final decision on the review shall be made not later than 60 days following receipt of the written request for review.

* * *

The final decision on review shall be furnished in writing and shall include the reasons for the decision with reference, again, to those policy provisions upon which the final decision is based.

The policy also contained a clause stating that a claimant "can start legal action regarding [a claimant's] claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim was required unless otherwise required by federal law."

The parties agree that the policy was in force when Warner was injured. On May 3, 2001, following her accident, Warner sought treatment from Dr. Timothy Graven, an orthopedic surgeon, for her injuries. During that examination, she complained of neck pain and numbness and tingling in her right arm. Dr. Graven referred Warner to Dr. Vellinga for pain relief treatment.

On July 2, 2001, Warner could no longer work. She applied for short-term disability benefits. Her application for short-term disability benefits was approved on July 9. Unum initially approved short-term disability benefits through August 2, 2001 and later extended the benefits through October 1, 2001. Unum subsequently approved Warner for long-term disability.

On October 10, 2001, Warner underwent lumbar fusion surgery. By January 31, 2002, her fusion was intact with hardware and fusion mass, but she continued to experience muscle spasms and weakness. Unum requested that Dr. Graven advise whether any restrictions or limitations prevented Warner from returning to work. Dr. Graven sent Warner's medical records to Unum on March 15, 2002, but the record does not contain a response to Unum's questions regarding Warner's ability to return to work. In March, Unum's clinical personnel reviewed Warner's medical records and determined that she was capable of returning to work on January 31, 2002. On March 22, 2002, Unum denied Warner's long-term benefits effective February 1, 2002. Unum also informed Warner that she could submit a written appeal within 90 days. Warner failed to do so.

Warner provided evidence that in January of 2005, Unum invited her to participate in a Claim Reassessment Process under a regulatory settlement agreement that was reached by Unum, the Department of Labor and state insurance regulators. Warner accepted Unum's invitation. In November of 2005, Unum asked Warner to provide updated information regarding her health, work and income history. Unum informed Warner that she must either return the forms or ask for an extension within 60 days. In January of 2006, Warner's attorney asked Unum to provide information useful in deciding whether Warner would pursue reassessment.[1] On January 31, 2006,[2] Unum sent the requested material. Warner asserts that her attorney spoke with Unum about Warner's claim at some point during 2006, but the record contains no evidence that

---

[1] Warner did not specifically ask for an extension of time, but the letter implicitly requests it.

[2] The letter is dated "January 31, 2005," but its contents make clear that it was actually written in 2006.

Warner responded to Unum's request for additional information within 60 days of receiving the information from Unum.

***Legal Standard***

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. The nonmoving party has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Discussion*

Unum asserts three grounds for summary judgment: (1) Warner did not exhaust her administrative remedies when she failed to appeal Unum's denial of her claim for long-term disability benefits; (2) substantial evidence in the administrative record supports Unum's denial

of benefits and the denial and was therefore not an abuse of discretion; and (3) Warner's claim is time barred because the policy contains a three-year limitations period.

### *Failure to Exhaust Administrative Remedies*

ERISA does not expressly require the exhaustion of remedies prior to bringing suit. Wert v. Liberty Life Assur. Co. of Boston, 447 F.3d 1060, 1062 (8th Cir. 2006). However, a judicially created exhaustion requirement applies to all ERISA denial of benefit claims if an ERISA-compliant internal review procedure exists and the employee has notice of the procedure. Id. at 1063. A beneficiary may be freed from the exhaustion requirement if exhaustion "would be wholly futile." Burd v. Union Pacific Corp, 223 F.3d 814, 817 n. 4 (8th Cir. 2000).

Warner argues that exhaustion would have been futile for two reasons. She asserts that exhaustion would have been futile because she had already produced all evidence she had, Unum had previously approved her and then reversed itself and there was no reason to believe Unum would "reverse itself a second time and reinstate the benefits after going through [the] decision-making process already." Warner also claims that the existence of a settlement agreement between Unum and the Department of Labor and the Insurance Regulators of all U.S. states establishes that any appeal prior to the regulatory settlement agreement would have been futile.[3]

Both of Plaintiff's bases fail to establish futility. Futility is not established by the absence of additional medical evidence to provide in support of an appeal. Guerrero v. Lumbermen's

---

[3] Curiously, Defendant denies the existence of the settlement or any of its letters to Plaintiff regarding her eligibility to benefit from it, claiming the Court cannot consider any evidence outside the administrative record. In support of that proposition, Defendant cites several cases that state that courts may not consider extraneous evidence when analyzing the merits of an ERISA claim. In any event, the record clearly shows that the settlement occurred and Defendant invited Plaintiff to apply for reassessment under the settlement.

Mut. Cas. Co., 174 F. Supp.2d 1218, 1223 (D. Kan. 2001). Similarly, the mere belief that the appeals process would be a useless formality does not establish futility. <u>Gowert v. Hartford Life & Accident Ins. Co.</u>, 442 F. Supp 2d 724, 730 (E.D. Mo. 2006). Otherwise, every appeals process would be deemed futile. <u>Id.</u> Similarly, the regulatory settlement agreement does not establish that her claims would have been futile. The agreement does not specifically reference her claim or contain any indication that the outcome in <u>her</u> claim would have been different. Nor does the settlement agreement admit any wrongdoing.

Moreover, Unum provided Warner with an opportunity under the regulatory settlement agreement to reapply. The record does not contain evidence that Warner pursued it properly. The record indicates that in January, 2005, Unum invited Warner to participate in a Claim Reassessment Process. After Warner elected to participate, Unum requested additional information in November, 2005. The request informed Warner that she must either return the forms or ask for an extension within 60 days. In January, 2006, Warner's attorney asked Unum to provide documents contained in the claim file. On January 31, 2006, Unum sent the requested material. The record contains no evidence that Warner responded to Unum's request for additional information within 60 days of receiving the requested material.

The details of Warner's attempts to pursue her rights under the settlement (or lack thereof) are immaterial, however, because the real issue is futility. Warner has failed to produce evidence of even a likelihood her appeal would have been futile. As a result, I find that Warner has not excused her failure to exhaust her administrative remedies under the Unum policy.

***Denial of Benefits***

Under ERISA, when the benefit plan gives the administrator discretionary authority to determine eligibility for benefits, a court should review a denial of benefits for abuse of discretion. Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). In the present suit, the policy included a clause stating, "[w]hen making a benefit determination under the policy, Unum has discretionary authority to determine your ability for benefits and to interpret the terms and provisions of the policy." This provision gave Unum discretionary authority to determine Warner's eligibility for benefits. See Wakkinen v. Unum Life Ins. Co. of America, 531 F.3d 575, 581 (8th Cir. 2008).

Under the abuse of discretion standard, an "administrator's decision to deny benefits will stand if a reasonable person could have reached a similar decision." Ratliff v. Jefferson Pilot Financial Ins. Co., 489 F.3d 343, 346 (8th Cir. 2007). In other words, the decision must be "supported by substantial evidence, which is more than a scintilla but less than a preponderance." Id. In general, a court "consider[s] only the evidence that was before the administrator when the claim was denied." Farley v. Ark. Blue Cross & Blue Shield, 147 F.3d 774, 777 (8th Cir. 1998).

The administrative record does not contain any medical opinions regarding Warner's ability to work. Warner has offered a subsequent determination of the Social Security Administration that she was disabled as of July 3, 2001, but neither that determination nor the medical evidence supporting it was contained in the claim file. A district court may consider evidence outside the administrative record only where "the plaintiff shows good cause for its omission." Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan, 476 F.3d 626, 630 (8th Cir. 2007). Here, Warner has not offered any explanation why the administrative record contains no medical opinions or other evidence or why she could not have provided them. I will

not, therefore, consider any extrinsic evidence of Warner's disability when evaluating whether Unum abused its discretion.

The record contains a letter from Unum to Warner's doctor, Dr. Graven, asking if anything prevented her from returning to work. The record reflects that Dr. Graven sent Warner's medical records to Unum on March 15, 2002, but the record does not contain a response to Unum's questions regarding Warner's ability to return to work. Unum's clinical personnel, including a medical doctor, reviewed Warner's medical records and determined because Warner experienced neither delays in healing nor complications, that she could return to work in a sedentary capacity.

The record does not contain any medical opinions from doctors who examined Warner. It indicates that Warner was scheduled to visit Dr. Graven on March 19, 2002, but it does not contain his conclusions from that day. Most importantly, the record contains no medical opinions supporting Warner's claim of disability. This may be due in part to Warner's own failure to pursue the administrative appeals process and supplement the record in her favor. In any event, I cannot say, based on the administrative record as I find it that Unum abused its discretion in denying disability benefits to Warner.

Warner claims Unum had a conflict of interest.[4] When determining whether there was an abuse of discretion, a court should weigh a conflict of interest as one factor. Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2348 (2008); Wakkinen, 531 F.3d at 581. A conflict of interest is important, perhaps of "great importance, depending upon how closely the other factors

---

[4] Warner's attorney failed to address this third basis for summary judgment at all. Warner does however refer to Unum as a "fox guarding the chicken coop" in another section of her response which indicates she believed Unum had a conflict of interest.

are balanced." Wakkinen, 531 F.3d at 582. In Wakkinen, the Eighth Circuit determined that the practices leading to Unum's regulatory settlement agreement could not act as a tiebreaker when the remaining factors were not closely balanced. Id. Because the administrative record contained no evidence supporting Warner's claim that she was entitled to disability benefits and is thereby not closely balanced, I find that Unum did not abuse its discretion in denying Warner's long-term disability.

*Statute of Limitations*

Unum argues that policy language stating that suits must be filed within three years bars Warner's claim. Warner counters that the policy's contractual time limitation applies only in the absence of federal law to the contrary. The policy provides that a claimant "can start legal action regarding [the claimant's] claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim was required, unless otherwise required by federal law."

Unum asserts the claim began to accrue on January 1, 2002, which was 90 days after her short-term disability ended. Warner claims it accrued on May 7, 2002, the date Unum's records indicate her claim was terminated. This dispute is immaterial because I conclude the limitations period in this case is ten years.

Warner's disability insurance policy is governed by ERISA. ERISA does not contain a statute of limitations for actions to recover benefits under a regulated plan. Duchek v. Blue Cross and Blue Shield of Dist. of Neb., 153 F.3d 648, 649 (8th Cir. 1998). Courts must therefore borrow the most analogous state statute of limitations. Id. Missouri's ten-year period codified in Mo. Rev. Stat. § 516.110(1) is the most analogous statute of limitations for ERISA benefits. Harris v. Epoch Group, 357 F.3d 822, 825 (8th Cir. 2004); Johnson v. State Mut. Life Assurance

Co. of Am., 942 F.2d 1260, 1263–65 (8th Cir. 1991). Under Missouri law, an agreement or contract that purports to shorten the limitations period is unenforceable. Mo. Rev. Stat. §431.030.[5]

ERISA itself does not prevent parties from contractually shortening the limitations period when permissible under state law. Wilkins v. Hartford Life, 299 F.3d 945, 948 (8th Cir. 2002) (concluding Arkansas law allows parties to shorten the statute of limitations in ERISA actions). The Eighth Circuit has not yet decided whether a contractual limitation that is contrary to a state statute is nonetheless enforceable under ERISA. See id.; Duchek, 153 F.3d at 650.

In Doe v. Blue Cross & Blue Shield United of Wis., 112 F.3d 869, 873 (7th Cir. 1997), the Seventh Circuit concluded that state law prohibiting alteration of the limitations period did not apply to an ERISA contract. The court reasoned that state law does not apply of its own force to federal law, especially to ERISA, with its comprehensive preemption provisions. Id. at 874. The court also cautioned that adopting state prohibitions would create disparity; contractual limitations would be "enforceable in some states but not in others, contrary to the uniformitarian policy of the statute." Id. Finally, the court concluded that allowing parties to contractually shorten the limitations period under ERISA was consistent with principles of party autonomy that underlie contract law. Id. Similarly, the Eleventh Circuit allows contractual limitations on ERISA actions, regardless of state law, provided the limitation is reasonable. Northlake Reg'l Med Ctr. v. Waffle House, 160 F.3d 1301, 1303 (11th Cir. 1998).

---

[5] Mo. Rev. Stat. § 431.030 Provisions limiting time for bringing suits prohibited
All parts of any contract or agreement hereafter made or entered into which either directly or indirectly limit or tend to limit the time in which any suit or action may be instituted, shall be null and void.

District Courts within this circuit are divided. Several courts have speculated that the Eighth Circuit will follow the Seventh. See, e.g., Caimi v. Daimler Chysler Corp., No. 4:07CV1681CAS, 2008 WL 619220 at *5 (E.D. Mo. March 3, 2008); Farthing v. United Healthcare of the Midwest, Inc., No. 2:98CV4262ECF, 2000 U.S. Dist. Lexis 21995 at ** 17–18 (W.D. Mo. Oct. 24, 2004); Harris v. Epoch Group, No. 4:02CV442ERW, slip op. (E.D. Mo. Mar. 18, 2003), rev'd on other grounds, 357 F.3d 822. Another approach concludes that when state law prohibits contractually shortening the time in which a party may commence litigation, any contrary provision is unenforceable. See, e.g., Wineinger v. United Healthcare Ins. Co., No. 8:99CV141, 2001 WL 688530 at *3 (D. Neb. Mar. 13, 2001).

I conclude that Missouri's "most analogous" statute of limitations, the ten-year period under Mo. Rev. Stat. § 516.110(1) which applies to ERISA benefits cannot be read separately from Missouri's general prohibition on contractually altering the limitations period, § 431.030. My conclusion does not affect the uniformity of ERISA enforcement because the most analogous state statute of limitations already controls and statutes of limitations vary by state. See Duchek, 153 F.3d at 649. For example, the Eighth Circuit has previously identified ERISA statutes of limitations ranging from two years in Minnesota to five years in Arkansas to ten years in Iowa and Missouri. Abdel v. U.S. Bancorp, 457 F.3d 877, 880 (8th Cir. 2006) (interpreting Minnesota law); Wikins, 299 F.3d at 948 (interpreting Arkansas law); Shaw v. McFarland Clinic, P.C., 363 F.3d 744, 748, 750 (8th Cir. 2004) (interpreting Iowa law); Johnson, 942 F.2d 1260 at 1263–65 (interpreting Missouri law). Missouri's prohibition on contractually altering the limitations period does not cause ERISA limitations periods to be any less uniform than they would be otherwise.

Even if the contract provision were not void under Missouri law, I would conclude that the policy's inclusion of the phrase "unless otherwise required by federal law" does not alter the ten-year limitations period. To determine the meaning of terms in an ERISA plan, the federal courts apply federal common law rules of contract law. Harris, 357 F.3d at 825. The federal common law requires that a contract "be interpreted as to give meaning to all its terms-presuming that every provision was intended to accomplish some purpose, and that none are deemed superfluous." Id. In Harris, the Eighth Circuit interpreted contract language requiring actions under an ERISA plan be commenced within three years "or such longer period as required by applicable state law" to mean that parties "intended to give plan participants a minimum of three years within which to bring suit, even if state law might provide for a shorter period. But if state law provided for a longer period, plan participants got the benefits of the longer period." Id. at 824–25.

Although, in this case, the contract includes the phrase "unless otherwise required by federal law," the result is the same. Congress enacted ERISA with the expectation that "a federal common law of rights and obligations under ERISA-regulated plans would develop." King v. Hartford Life and Acc. Ins. Co., 414 F.3d 994, 998 (8th Cir. 2005). In this Circuit, the federal common law borrows the state statutes of limitations, which in this case is ten years. Duchek, 153 F.3d at 649; Harris, 357 F.3d at 825. As a result, Plaintiff's claim was filed within the statute of limitations under ERISA.

In summary, I find that Warner was not barred by the policy clause purporting to alter the limitations period in which she could file. Because I find that Warner failed to exhaust her

-13-

administrative remedies and Unum did not abuse its discretion in denying her benefits, I will grant Unum's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Unum's motion for summary judgment [#27] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2009.